IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WOODBURCK NOE, #148475, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-747-MEF |
| | ) [WO] |
| | ) |
| ALABAMA DEPT. OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 21, 2006, Woodburck Noe ["Noe"], a state inmate and frequent litigant in this court, filed a motion and affidavit for indigency treatment which the court construes as a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a).[1] Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

---

[1] In this motion, Noe states that he has no means to pay for court costs and requests that he be allowed to proceed without prepayment of such costs. The only manner in which Noe may proceed before this court without prepayment of fees is upon the granting of *in forma pauperis* status under the provisions of 28 U.S.C. § 1915.

serious physical injury."[2]

The records of this court establish that Noe, while incarcerated, has on at least seven occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of the directives of § 1915(g) by Noe are as follows: (1) *Noe v. McGraw*, Civil Action No. 2:95-CV-1195-T (M. D. Ala. 1995), (2) *Noe v. James*, Civil Action No. 2:94-CV-928-T (M.D. Ala. 1994), (3) *Noe v. Hunt, et al.*, Civil Action No. 2:94-CV-86-A (M.D. Ala. 1994), (4) *Noe v. Boyd, et al.*, Civil Action No. 2:92-CV-1350-A (M.D. Ala. 1992), (5) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-977-D (M.D. Ala. 1992), (6) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-711-H (M.D. Ala. 1992), and (7) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-565-H (M.D. Ala. 1992).[3]

In the instant complaint, Noe presents a diary of alleged unconstitutional actions taken against him and conditions of confinement which occurred during January and February of 2005at the Bullock County Correctional Facility. The complaint fails to demonstrate that Noe was "under imminent danger of serious physical injury" at the time he filed this case as

---

[2] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

[3] The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). Based on the foregoing, the court concludes that Noe's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Noe failed to pay the requisite filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice wen it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Woodburck Noe on August 21, 2006 be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Noe's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that **on or before September 7, 2006** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

3

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of August, 2006.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE